Johnson, C. J. The question raised by the demurrer, is whether the declaration discloses such a cause of action as would warrant a recovery by the defendant in error. The ground assumed is, that the suit is instituted in the official capacity of the defendant, whereas, the obligation described purports to have been executed to him in his individual character. By the first section of the act of 1838, the Governor is appointed the agent of the State, to sell and dispose ¡of tire seventy-two sections, or that portion thereof remaining unsold, granted to the Territory of Arkansas, by an act of the Congress of the United States, approved the second day of March, A. D„ eighteen hundred and twenty-seven, for the purpose of erecting and establishing a Seminary of Learning in the said Territory. The 4th section of the same act also provides that the obligations for the purchase money, shall be made payable to the Governor and his success-qrs in office, or order, payable and negotiable at the principal Bank of the State, in the city of Little Rock, for the use and benefit of the University therein provided for, in all cases bearing interest at the rate of ten per cent, per annum from date until paid, the interest to be paid annually. Had the instrument, upon which this suit is founded, been executed under the authority of a general law, the objection perhaps would have been well taken; but when it is remarked that the act under consideration is special and limited in its operation, and in the nature of a power of attorney, conferring upon the Governor as an officer, certain definite powers, it will appear manifestly, that the description contained in the writing, is not merely personal, but that it is strictly and technically official. The obligation is in the very words of the act, and it is perfectly apparent from the whole tenor of that law, that it was the officer, and not the individual, that was appointed the agent of the State. The legislature, for causes satisfactory to themselves, did not choose to have the bonds executed directly to the State, but required them to be given to the Governor as the head and immediate representative of the State government. We think it clear, therefore, that the writing sued upon, though not made to the Governor as such, is to all intents and purposes, by the mere force of the language used, in view of the authority under which it was executed, an obligation made to him as an officer, well known to our Constitution and laws. Under this construction of the act, we think it clear that the demurrer ought to have been overruled. Judgment affirmed.